TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000108-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                              IN SUPREME COURT

CHARLES H. SCHAFFNER                                          RESPONDENT

## OPINION AND ORDER

As a result of conduct during his representation of clients in forty-five bankruptcy cases, Respondent Charles H. Schaffner, KBA Member No. 83759,[1] was charged by the Inquiry Commission in KBA File 19887 with multiple violations of the standards of professional conduct. For the reasons explained below, we adopt the findings and conclusions of the trial commissioner that Respondent violated each of the counts as charged by the Inquiry Commission. We also accept the trial commissioner's recommended sanction of a 180-day suspension from the practice of law.

## I. BACKGROUND

In 2010, after twenty years of handling primarily criminal law and personal injury cases, Respondent resumed the practice of bankruptcy law. In connection with his practice, Respondent and his new law partner, Ed Lucas, employed Leonard Bickers to assist in the preparation and filing of the office's bankruptcy cases. Bickers was a convicted felon, and both he and Lucas had

---

[1] Respondent maintains a bar roster address of 1069 Emerson Road, Park Hills, Kentucky, 41011.

what the trial commissioner described as a history of "prior difficulties with the Federal Bankruptcy Courts."

During 2010 and 2011, Respondent's office filed forty-five bankruptcy petitions. Bickers was given broad access to both office and client funds, and broad independence in processing the bankruptcy filings. At some point Bickers began defrauding clients and converting the fees they paid to his own use. In addition, deficiencies in Bickers's work resulted in adverse consequences for some clients, including dismissals of their petitions. Bickers failed to maintain accurate records of money collected from the clients. Clients were not given accurate receipts for the fees they paid, and the client funds were not deposited into a client trust account as required under the applicable rules.

While Bickers conducted his nefarious work, Respondent was suffering through difficult personal problems involving his family and health. When, belatedly, he became aware of the seriousness of the problem caused by Bickers, he took appropriate action, some of which is described below. Bickers and Lucas, however, absconded with the computer containing clients' bankruptcy information and sensitive personal data. As a result of these problems, Respondent was disbarred from bankruptcy court practice.

## II. CHARGES

Appellant was charged by the Inquiry Commission with the following violations:[2]

---

[2] All citations to violations of the Rules of Professional Conduct refer to the rules and numbering system that were in effect at the time of the violations.

2

Count I: SCR 3.130-1.1 by providing incompetent representation to the bankruptcy clients;

Count II: SCR 3.130-1.15(a) by failing to deposit client funds into a trust account and/or by failing to keep complete records of such account funds;

Count III: SCR 3.130-1.15(b) by failing to promptly deliver to clients or former clients funds to which they were entitled and/or by failing to render a full accounting to those clients regarding their fees paid to Respondent and/or his assistant Leonard Bickers, who was hired to perform various Bankruptcy related duties;

Count IV: SCR 1.130-5.3(a) by failing to ensure that his firm or practice had in effect measures which gave reasonable assurance to non-lawyer assistants, such as Bickers, that their conduct was compatible with Respondent's professional obligations;

Count V: SCR 3.130-5.3(b) by failing to make reasonable efforts to ensure that Bickers's conduct was compatible with Respondent's professional obligations as a lawyer;

Count VI: SCR 3.130-5.3(c)(2) by having direct supervisory authority over Bickers and being made aware of his conduct or misconduct but failing to take timely, reasonable, remedial action regarding Bickers's conduct; and

Count VII: SCR 3.130-5.4(b) by forming a de facto partnership with Bickers, a nonlawyer.

## III. DISPOSITION AND DISCIPLINE

Following a hearing, the trial commissioner found Respondent in violation of each of the above charges. And, while the trial commissioner noted the

3

gravity of the violations, he placed great emphasis on uncontradicted mitigating evidence presented by Respondent, including his health problems, which included cardiac problems requiring a defibrillator implant, and his exemplary efforts in taking care of a special-needs grandchild, saving the child from foster care. Respondent also tendered restitution of fees to all of the aggrieved clients, including using funds from his retirement account. The trial commissioner recommended that Respondent be suspended from practice for 180 days.

Neither bar counsel nor the Board of Governors appealed the recommended disposition pursuant to SCR 3.360, 3.365, and 3.370. As a result, this matter was submitted directly to this Court. *See* SCR 3.360(4).[3] Because the trial commissioner's findings and conclusions are supported by the record and the law, we decline to review the recommendation of the trial commissioner pursuant to SCR 3.370(8). SCR 3.370(9) provides "if no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters." The recommendation of the trial commissioner is therefore adopted pursuant to SCR 3.370(9).

Accordingly, it is hereby **ORDERED** that:

1) Respondent, Charles H. Schaffner, KBA Number 83759, 1069 Emerson Road, Park Hills, Kentucky, 41011, is adjudged guilty of violating SCR

---

[3] "Within 30 days after the filing with the Disciplinary Clerk of: (a) the report, (b) an order ruling on a motion under SCR 3.360(3), or (c) an amended report, whichever is later, either party may file a notice of appeal with the Disciplinary Clerk. If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(9)." SCR 3.360(4).

4

3.130-1.1; SCR 3.130-1.15(a); SCR 3.130-1.15(b); SCR 3.130-5.3(a); SCR 3.130-5.3(b); SCR 3.130-5.3(c)(2); and SCR 3.130-5.4(b) as charged in KBA File 83759;

2) Respondent is suspended from the practice of law in Kentucky for 180 days;

3) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, if he has not already done so, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his 180-day suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel;

4) If he has not already done so, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,188.06 for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J., Abramson, Barber, Cunningham, Noble, and Venters, JJ., sitting. All concur. Keller, J., not sitting.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

5